

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00108-CR

CHRISTOPHER BRADLEY ARTHUR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 28488C, Honorable Ana Estevez, Presiding

January 30, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Christopher Bradley Arthur appeals his conviction for aggravated robbery. His two issues involve whether 1) the State presented sufficient evidence establishing that he used or exhibited a "firearm" during the course of the theft and 2) he can be assessed the obligation of paying $8,577 in court-appointed attorney's fees. We modify the judgment and affirm as modified.

We address the second issue first, for the State conceded its accuracy. The record lacks evidence indicating a change in appellant's status as an indigent. Nonetheless, he

was assessed attorney's fees in the bill of costs, which bill the trial court referred to in its judgment. A defendant determined to be indigent by the trial court is presumed to remain indigent for the remainder of the proceedings unless there occurs a material change in his financial circumstances. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2019). And, unless the record illustrates such a change, imposition of court-appointed attorney's fees is inappropriate. *Arguijo v. State*, No. 07-17-00240-CR, 2018 Tex. App. LEXIS 8153, at *7–8 (Tex. App.—Amarillo Oct. 5, 2018, pet. ref'd) (mem. op., not designated for publication). Thus, we sustain the second issue and modify the judgment and accompanying bill of costs to remove therefrom all references to an assessment of attorney's fees against appellant.

Through his first issue, appellant contends that the evidence was insufficient to prove that the item he discharged or exhibited during the theft was a firearm. He said it was a BB gun and the State failed to prove otherwise. We overrule the issue.

That appellant exhibited a weapon in his hand after being caught in a parking lot rummaging through another person's car without permission is undisputed. That appellant discharged it, left in another vehicle, and had both a .380 semi-automatic pistol and a BB gun with him when stopped by the police also is undisputed. Nor does appellant deny the presence of evidence indicating that the projectile discharged from the weapon cut a grove in the parking lot and struck a nearby car door, denting it.

Moreover, the car owner described, at trial, how appellant "kind of scrambled around, reached into his pocket, pulled out a small firearm and shot it at me." The witness also testified that he has heard a BB gun, pellet gun, and firearm being shot before and what appellant discharged "was definitely a real gun." There also happened to be found

2

in the area of the shooting a spent .380 casing manufactured by Blazer. The bullets found in the magazine of the .380 possessed by appellant were manufactured by Blazer too, as was the partially empty box of .380 ammunition he had in his vehicle.

To that we add the testimony of an ex-investigator with the TDPS who had firearms training and experience with such weapons. He testified to 1) being near the scene of the altercation between appellant and the vehicle owner, 2) hearing a "gunshot," and 3) eventually seeing an expended shell on the ground. The State also queried him about what happens when one fires a semi-automatic handgun. He described how the spent casing is ejected from the weapon when discharged.

The pertinent standard of review obligates us to consider all the evidence in the light most favorable to the verdict to determine if any rational fact-finder could have found the essential elements of the offense beyond reasonable doubt. *Smith v. State*, No. 07-18-00298-CR, 2019 Tex. App. LEXIS 9383, at *9 (Tex. App.—Amarillo Oct. 23, 2019, pet. filed) (mem. op., not designated for publication). All evidence includes both direct and circumstantial evidence. *Id.* Furthermore, the jury is the only judge of the weight and credibility of the evidence, and we must assume that it resolved conflicting inferences arising from the evidence in favor of its verdict. *Id.* at *10. That said, we hold the foregoing evidence was more than ample to allow a rational fact-finder to conclude, beyond reasonable doubt, that the item appellant removed from his pocket, pointed at the car owner, and discharged was a firearm. *See* TEX. PENAL CODE ANN. § 46.01(3) (West Supp. 2019) (defining "firearm" as "any device designed, made, or adapted to expel a projectile

through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use").[1]

We modify the judgment and accompanying bill of cost to redact all references to appellant being assessed attorney's fees and affirm the judgment as modified.

Per Curiam

Do not publish.

---

[1] We note that appellant's reliance on the evidentiary analysis in *Cruz v. State*, 238 S.W.3d 381, 388 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd), is somewhat misplaced. The court there dealt with whether testimony that the item held by the accused was a "gun" sufficed. Here, we not only have evidence that appellant held a "firearm" but that it looked, sounded, and left spent bullet casings like one.